UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Kathleen Ronning-Schimetz,<br><br>                  Plaintiff,<br><br>vs.<br><br>North Dakota Office of the Adjutant General, Clark V. Johnson, in his individual capacity, and Stephen P. Herda, in his individual capacity,<br><br>                  Defendants. | **ANSWER & DEMAND FOR JURY TRIAL**<br><br>Case No. 1:25-cv-00023 |

Defendants North Dakota Office of the Adjutant General ("OTAG") and Stephen P. Herda, in his individual capacity, (collectively, "State Defendants") answer Plaintiff Kathleen Ronning-Schimetz's allegations in the Complaint (ECF No. 1) as follows:

[¶1]   Except as specifically admitted or qualified, State Defendants deny each and every allegation of Plaintiff's Complaint.

[¶2]   With respect to the paragraph labeled "Introduction," this paragraph consists of prefatory remarks summarizing Plaintiff's allegations, and does not require a response. To the extent a response is required, State Defendants deny the allegations in this paragraph.

[¶3]   With respect to paragraph 1, State Defendants admit that Schimetz is an individual but lack sufficient information to admit or deny her current city of residence, and therefore deny.

[¶4]   With respect to paragraph 2, State Defendants deny that OTAG employs federal employees. State Defendants affirmatively assert that federal employees are only employed by the federal government, even when they work within the OTAG structure. State Defendants admit the remaining allegations at paragraph 2.

[¶5]   With respect to paragraph 3, State Defendants qualifiedly admit that Johnson is a current or former federal employee working within the OTAG structure. State Defendants lack sufficient information to admit or deny his current city of residence, and therefore deny.

[¶6]   State Defendants admit the allegations at paragraph 4.

[¶7] As to paragraph 5, State Defendants admit that Schimetz was employed by OTAG. The remainder of the paragraph sets forth legal conclusions to which no response is necessary.

[¶8] Paragraphs 6 through 10 set forth legal conclusions to which no response is necessary.

[¶9] With respect to paragraph 11, State Defendants qualifiedly admit that on March 1, 2016, Schimetz began working for OTAG with the job title of GIS Specialist III, a civilian employee of the State of North Dakota. State Defendants are without sufficient information to admit or deny the remainder of the paragraph and therefore deny.

[¶10] With respect to paragraph 12, if construing the phrase "position was funded" to mean "salary was funded," State Defendants admit the allegations at paragraph 12.

[¶11] With respect to paragraph 13, State Defendants admit that Herda was employed by OTAG with the job title of Environmental Program Manager from June 1, 2016 until the time of Schimetz's voluntary resignation. Prior to June 1, 2016, State Defendants qualifiedly admit that Herda was a federal employee with the job title of Supervisory Environmental Protection Specialist. The remainder of the allegations are denied.

[¶12] State Defendants deny the allegations at paragraph 14.

[¶13] State Defendants admit the allegations at paragraph 15.

[¶14] With respect to paragraph 16, State Defendants deny that Schimetz ever reported directly to Wolf. State Defendants affirmatively assert that Schimetz only ever reported directly to Johnson. State Defendants deny the remainder of the paragraph.

[¶15] With respect to paragraph 17, State Defendants qualifiedly admit that Schimetz's office location remained in the basement during her time at OTAG, until her office was moved upstairs. State Defendants admit that other employees from ENV and DFE worked together in the basement of Building 30.

[¶16] With respect to paragraph 18, State Defendants admit that all employees whose offices were in the basement of Building 30 had relatively frequent contact with one another due to their office location. State Defendants deny the remainder of the allegations in paragraph 18.

[¶17]   With respect to paragraph 19, State Defendants admit that at the start of her employment, Schimetz was one of four women working in the basement of Building 30. State Defendants admit that, as of June 2021, the only other woman who worked in the basement of Building 30 worked remotely and was only in her office sometimes. State Defendants affirmatively allege that Schimetz moved upstairs in or around February of 2022. State Defendants deny the remainder of the paragraph.

[¶18]   State Defendants admit the allegations at paragraph 20.

[¶19]   State Defendants deny the allegations at paragraphs 21 and 22.

[¶20]   With respect to paragraph 23, State Defendants qualifiedly admit that, based upon investigation, Zent engaged in inappropriate physical conduct with Schimetz. State Defendants lack sufficient information to admit or deny the remainder of the allegations in paragraph 23 regarding Zent, and therefore deny. With respect to the allegations against Herda in paragraph 23, State Defendants admit that Herda and Schimetz, as friends, discussed his problems with sexual health and relationships, and the attractiveness of a female coworker. State Defendants deny the remainder of the allegations regarding Herda in paragraph 23.

[¶21]   State Defendants deny the allegations at paragraphs 24, 25, 26, 27, 28, 29, 30, and 31.

[¶22]   With respect to paragraph 32, as to the allegations against Zent, State Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations against Zent in paragraph 32. State Defendants deny the remainder of the allegations at paragraph 32.

[¶23]   State Defendants deny the allegations at paragraphs 33 and 34.

[¶24]   With respect to paragraph 35, State Defendants admit that Herda and Schimetz discussed the attractiveness of a female coworker. State Defendants deny the remainder of the paragraph.

[¶25]   State Defendants deny the allegations at paragraphs 36 and 37.

[¶26]   With respect to paragraph 38, State Defendants admit that one day someone left a condom on Schimetz's desk. State Defendants affirmatively assert that condoms were left on desks throughout the office that same day, including on Herda's desk. State Defendants lack sufficient information to admit or deny whether the other female employee referred to in this paragraph had a condom left on her desk. State Defendants deny the remainder of the paragraph.

[¶27] State Defendants deny the allegations at paragraphs 39 and 40.

[¶28] With respect to paragraph 41, State Defendants admit that, on one single occasion, Herda made a statement about "shooting" liberals. State Defendants admit that, on one day, Herda referred to a protest as a cunt march, and affirmatively assert that Herda never mentioned or used the phrase again. State Defendants deny the remaining allegations at paragraph 41.

[¶29] State Defendants deny the allegations at paragraphs 42, 43, and 44, and 45.

[¶30] As to paragraph 46, State Defendants lack sufficient information to confirm or deny the allegations, and therefore deny them.

[¶31] State Defendants deny the allegations at paragraphs 47, 48, 49, 50, 51, and 52.

[¶32] With respect to paragraph 53, State Defendants qualifiedly admit that Schimetz made isolated comments regarding her wish to attend certain meetings to Johnson, Wolf, and HR. None of these comments referred to any inappropriate behavior. State Defendants deny the remainder of the paragraph.

[¶33] With respect to paragraph 54, State Defendants respond that the news reports and captured audio speak for themselves.

[¶34] With respect to paragraph 55, 56, 57, and 58, State Defendants lack sufficient information to admit or deny these allegations, and therefore deny.

[¶35] With respect to paragraph 59, State Defendants qualifiedly admit that based upon an investigation, Zent made inappropriate physical contact with Schimetz. State Defendants are without sufficient information to admit or deny the remainder of the paragraph, and therefore deny.

[¶36] With respect to paragraphs 60, 61, 62, 63, and 64, State Defendants are without sufficient information to admit or deny the allegations in these paragraphs and therefore deny.

[¶37] With respect to paragraphs 65 and 66, State Defendants qualifiedly admit that Schimetz informed Herda of Zent's inappropriate physical contact. State Defendants affirmatively allege that because Herda did not have any supervisory role over Schimetz, and because he did not witness the incident, he encouraged her to report the inappropriate contact and listed several reporting options for her, and offered to go with her to make the report. State Defendants affirmatively allege that Schimetz

4

declined to do so at that time. State Defendants deny the remainder of the allegations at paragraphs 65 and 66.

[¶38]   With respect to paragraph 67, State Defendants qualifiedly admit that Herda did not report the inappropriate contact that Schimetz described to him to HR, because he did not have any supervisory role over Schimetz and he did not witness the incident. State Defendants affirmatively assert that Herda encouraged Schimetz to report the inappropriate contact and listed several reporting options for her, and offered to go with her to make the report.

[¶39]   State Defendants deny the allegations at paragraph 68.

[¶40]   With respect to paragraph 69, State Defendants qualifiedly admit that an employee named Nancy Sanford made complaints. State Defendants respond that the contents of the complaints speak for themselves. The remainder of the allegations in paragraph 69 are denied.

[¶41]   State Defendants deny the allegations at paragraphs 70, 71, 72, and 73.

[¶42]   With respect to the allegations at paragraphs 74 and 75, State Defendants lack sufficient information to admit or deny and therefore deny.

[¶43]   State Defendants deny the allegations at paragraphs 76 and 77.

[¶44]   With respect to the allegations in paragraph 78, State Defendants qualifiedly admit that in 2017, Schimetz complained to Johson about overhearing off-color jokes and bad language. In response, Johnson addressed OTAG employees regarding the need for respectful language. State Defendants deny that Schimetz mentioned any behavior beyond the jokes and language. State Defendants deny the remainder of the paragraph.

[¶45]   With respect to the allegations in paragraph 79, State Defendants admit that Herda and Schimetz, as friends, would discuss personal topics. State Defendants deny that Schimetz ever asked Herda to stop discussing any topics with her. State Defendants deny the remainder of the allegations in paragraph 79.

[¶46]   With respect to paragraph 80, State Defendants lack sufficient information to confirm or deny these allegations, and therefore deny.

[¶47]   State Defendants deny the allegations at paragraphs 81, 82, 83, and 84.

[¶48]   With respect to paragraph 85, State Defendants respond that OTAG's policies speak for themselves.

[¶49]   State Defendants deny the allegations in paragraphs 86, 87, 88, 89, 90, and 91.

[¶50]   With respect to the allegations in paragraph 92, State Defendants respond that the 2020 performance evaluation speaks for itself.

[¶51]   State Defendants deny the allegations in paragraphs 93 and 94.

[¶52]   With respect to the allegations in paragraph 95, State Defendants qualifiedly admit that Schimetz complained to Pazdernik about not being invited to a retirement party and about being excluded from budget meetings. State Defendants affirmatively assert that her job duties did not require her to attend the budget meetings. The remainder of the paragraph is denied.

[¶53]   State Defendants deny the allegations at paragraphs 96, 97, and 98.

[¶54]   State Defendants deny the allegations at paragraphs 99, 100, 101, 102, and 103.

[¶55]   With respect to paragraph 104, State Defendants qualifiedly admit Schimetz made isolated comments to Johnson about her wish to attend certain meetings. State Defendants affirmatively assert that her job duties did not require her to attend the meetings. The remainder of the paragraph is denied.

[¶56]   State Defendants deny the allegations at paragraph 105.

[¶57]   With respect to paragraph 106, State Defendants qualifiedly admit that at a meeting held in February 15, 2022 in response to Schimetz's complaint to HR the previous day, Wolf told Herda that if Schimetz wished to attend particular meetings, he should just invite her to the meetings. The remainder of the paragraph is denied.

[¶58]   State Defendants deny the allegations at paragraph 107.

[¶59]   With respect to paragraph 108, State Defendants qualifiedly admit that Schimetz requested and received permission to move upstairs in February 2022. State Defendants deny the remainder of the allegations in paragraph 108.

[¶60]   With respect to paragraph 109, State Defendants qualifiedly admit that Schimetz moved to an office upstairs in February 2022. State Defendants deny the remainder of the paragraph.

[¶61]   State Defendants deny the allegations in paragraphs 110 and 111.

[¶62] As to the allegations in paragraph 112, State Defendants admit that at some point in spring 2022, Wolf held an all-staff meeting about diversity and inclusion policies generally. State Defendants deny the remainder of the paragraph.

[¶63] State Defendants deny the allegations at paragraph 113.

[¶64] With respect to paragraph 114, State Defendants qualifiedly admit that Schimetz sent one email to Pazdernik and Johnson in October 2022. The contents of the email speak for itself. The remainder of the paragraph is denied.

[¶65] With respect to paragraph 115, State Defendants lack sufficient information to admit or deny, and therefore deny.

[¶66] State Defendants deny the allegations in paragraphs 116, 117, and 118.

[¶67] With respect to paragraph 119, State Defendants admit that Schimetz resigned her employment on January 10, 2023. State Defendants affirmatively assert that Schimetz left OTAG for another job in state government. State Defendants deny the remainder of the paragraph.

[¶68] With respect to paragraph 120, State Defendants respond that Schimetz's letter speaks for itself. State Defendants deny the remainder of the paragraph.

[¶69] State Defendants admit the allegations at paragraph 121.

[¶70] State Defendants admit the allegations at paragraph 122, and affirmatively assert that Hagel and Huber informed Schimetz that an investigation was necessary.

[¶71] With respect to paragraph 123, State Defendants qualifiedly admit that Schimetz provided some account of her complaints. State Defendants affirmatively assert that Schimetz did not mention many of the allegations now listed in her Complaint, including but not limited to the inappropriate physical contact by Zent. State Defendants deny the remainder of the allegations in paragraph 123.

[¶72] State Defendants deny the allegations at paragraph 124.

[¶73] As to paragraph 125, State Defendants qualifiedly admit that on January 11, 2023, Demoe was appointed to conduct an investigation allegedly pursuant to Army Regulation 15-6. State Defendants deny that the use of the 15-6 process was appropriate for civilian state employees.

[¶74] With respect to paragraph 126, State Defendants qualifiedly admit that I/O Demoe conducted interviews with 12 individuals. State Defendants deny the remainder of the allegations in paragraph 126.

[¶75] With respect to paragraphs 127, 128, 129, 130, 131, 132, and 133, State Defendants respond that the contents of I/O Demoe's Memorandum dated January 25, 2023 speak for themselves. State Defendants affirmatively assert that the memorandum contains factual errors, and that the legal conclusions and characterizations are inaccurate and unsupported.

[¶76] As to the allegations at paragraphs 134, 135, and 136, State Defendants respond that the EEOC documents speak for themselves.

[¶77] State Defendants deny the allegations at paragraph 137.

[¶78] As to paragraph 138, State Defendants admit that a Notice of Right to Sue dated November 15, 2024, was issued in this matter.

[¶79] State Defendants deny the allegations at paragraph 139.

[¶80] State Defendants assert that the EEOC Notice of Right to Sue and 90-day deadline speak for themselves.

## COUNT I

**Hostile Work Environment Sex Discrimination in Violation of Title VII of the Civil Rights Act**
**42 U.S.C. §2000e,** *et seq.*
*Defendant OTAG*

[¶81] With respect to paragraph 141, State Defendants re-allege and incorporate by reference their response to paragraphs 1 through 140.

[¶82] Paragraphs 142 and 143 set forth legal conclusions to which no response is required.

[¶83] State Defendants deny the allegations at paragraphs 144, 145, and 146.

## COUNT II

**Retaliation in Violation of Title VII**
**42 U.S.C. §2000e,** *et seq.*
*Defendant OTAG*

[¶84]   With respect to paragraph 147, State Defendants re-allege and incorporate by reference their response to paragraphs 1 through 146.

[¶85]   Paragraphs 148 and 149 set forth legal conclusions to which no response is required.

[¶86]   State Defendants deny the allegations at paragraphs 150, 151, and 152.

### COUNT III

**Retaliation in Violation of the U.S. Constitution**
**42 U.S.C. §1983.**
*Defendants Mr. Johnson and Mr. Herda*

[¶87]   With respect to paragraph 153, State Defendants re-allege and incorporate by reference their response to paragraphs 1 through 152.

[¶88]   Paragraphs 154 and 155 set forth legal conclusions to which no response is required.

[¶89]   State Defendants deny the allegations at paragraphs 156, 157, 158, 159, 160, 161, and 162.

### COUNT IV

**Sex Discrimination in Violation of the U.S. Constitution**
**42 U.S.C. §1983.**
*Defendants Mr. Johnson and Mr. Herda*

[¶90]   With respect to paragraph 163, State Defendants re-allege and incorporate by reference its response to paragraphs 1 through 162.

[¶91]   Paragraphs 164 and 165 set forth legal conclusions to which no response is required.

[¶92]   State Defendants admit the allegations at paragraph 166.

[¶93]   State Defendants deny the allegations at paragraphs 167, 168, 169, 170, 171 and 172.

**Prayer for Relief**

[¶94] Schimetz's Prayer for Relief describes the relief sought and State Defendants deny that Schimetz is entitled to the requested relief set forth therein. State Defendants affirmatively deny that Schimetz is entitled to any relief including back pay, front pay, compensatory damages, emotional distress, physical manifestations of emotional distress, humiliation, mental anguish, inconvenience, civil penalties, interest, punitive damages, and attorneys' fees and costs.

**Affirmative Defenses**

[¶95] State Defendants affirmatively assert that to the extent applicable, Schimetz's claims are barred by Eleventh Amendment immunity.

[¶96] State Defendants affirmatively assert that the claims against them are barred by the doctrine of qualified, statutory, or official immunity.

[¶97] State Defendants affirmatively assert Schimetz cannot establish a prima facie claim.

[¶98] State Defendants affirmatively assert Schimetz has failed to meet all procedural and substantive prerequisites to bring this action.

[¶99] State Defendants affirmatively assert the injuries or damages suffered or incurred by Schimetz, if any, were not in the nature or to the extent alleged.

[¶100] State Defendants affirmatively assert that Schimetz failed to mitigate any and all damages by refusing the repeated offers of reinstatement by OTAG.

[¶101] State Defendants affirmatively assert that OTAG exercised reasonable care to prevent and promptly correct any sexually harassing behaviors.

[¶102] State Defendants affirmatively assert Schimetz unreasonably failed to take advantage of preventive or corrective opportunities provided by OTAG.

[¶103] State Defendants affirmatively assert that Schimetz failed to exercise reasonable care to avoid harm.

[¶104] State Defendants affirmatively assert that Schimetz unreasonably failed to use the complaint procedures provided by OTAG.

[¶105] State Defendants affirmatively assert that Schimetz did not suffer a tangible employment action as she voluntarily resigned.

[¶106] State Defendants reserve all affirmative defenses and immunities as allowed and available under law, including those set forth in Rules 8, 9, and 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, State Defendants respectfully requests that Schimetz's Complaint be, in all things, dismissed with prejudice and State Defendants be awarded costs, disbursements, attorney's fees, and any other relief the Court deems just and equitable.

Dated this 11th day of April, 2025.

                              State of North Dakota
                              Drew H. Wrigley
                              Attorney General

By:   /s/ Courtney R. Titus
       Courtney R. Titus
       Assistant Attorney General
       State Bar ID No. 08810
       Office of Attorney General
       500 North 9th Street
       Bismarck, ND 58501-4509
       Telephone (701) 328-3640
       Email ctitus@nd.gov

By:   /s/ Jane G. Sportiello
       Jane G. Sportiello
       Assistant Attorney General
       State Bar ID No. 08900
       Office of Attorney General
       500 North 9th Street
       Bismarck, ND 58501-4509
       Telephone (701) 328-3640
       Facsimile (701) 328-4300
       Email jsportiello@nd.gov

Attorneys for Defendants North Dakota Office of the Adjutant General and Stephen Herda.