IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Kathleen Ronning-Schimetz,<br><br>Plaintiff,<br><br>v.<br><br>North Dakota Office of the Adjutant General; Clark V. Johnson, in his individual capacity; and Stephen P. Herda, in his individual capacity,<br><br>Defendants. | Case No. 1:25-cv-00023<br><br>**UNITED STATES OF AMERICA'S UNOPPOSED MOTION FOR EXTENSION OF TIME FOR CLARK V. JOHNSON TO ANSWER OR OTHERWISE RESPOND** |

Pursuant to 28 U.S.C. § 517 and Department of Justice Manual § 4-5.410, Jennifer Klemetsrud Puhl, Acting United States Attorney for the District of North Dakota, and Tara Vavrosky Iversen, Assistant United States Attorney, appear for the limited purpose of submitting this motion under Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure to seek an extension of time for federal employee Clark V. Johnson to respond to Plaintiff's Complaint.[1] ECF 1. The undersigned has advised the other parties to this matter of the United States' intent to file a motion for extension of time; both Plaintiff's counsel and counsel for the State Defendants advised they would not oppose the United States' motion.

1. On February 2, 2025, Plaintiff Kathleen Ronning-Schimetz ("Plaintiff"), filed a complaint against the North Dakota Office of the Adjutant General ("OTAG");

---

[1] Department of Justice Manual § 4-5.410 states "[w]hile a request for individual capacity representation is pending, Department attorneys may seek an extension of time for the defendant employee to respond to a complaint to preserve the status quo, provided the motion makes it clear the Department attorney is appearing for that limited purpose and that a representation decision is pending within the Department."

Clark V. Johnson, *in his individual capacity* ("Mr. Johnson"); and Stephen P. Herda, *in his individual capacity* ("Mr. Herda"). ECF 1.

2. The Complaint alleged that Mr. Johnson was, at all relevant times, an individual person acting under color of state law who may be sued in his individual capacity pursuant to 42 U.S.C. § 1983. ECF 1 ¶ 6.

3. On April 10, 2025, the undersigned advised Plaintiff's counsel that Mr. Johnson was a federal employee, that he had requested individual capacity representation from the United States Department of Justice (the "Department"), and that a decision on the request for representation was still pending with the Department's Civil Division, Constitutional and Specialized Torts Section in Washington, D.C. The undersigned also advised Plaintiff's counsel that the United States Attorney's Office had no record of being served in this matter as required by Federal Rule of Civil Procedure 4(i)(3).

4. On April 15, 2025, the United States Attorney's Office received a copy of the Summons and Complaint via personal delivery. ECF 18. Under Rule 12(a)(3) of the Federal Rules of Civil Procedure, federal officials sued in their individual capacities are required to file their first responsive pleading "within 60 days after service on the officer or employee or service on the United States Attorney, whichever is later." Fed. R. Civ. P. 12(a)(3). The United States calculates Mr. Johnson's Answer deadline to be June 16, 2025.

5. As a federal employee sued in his individual capacity, Mr. Johnson may be entitled to representation by the Department under 28 C.F.R. § 50.15.

6. The process for determining whether a federal official is entitled to Department representation requires several steps including review by the employee's agency, review by the Department's Civil Division, and finally a decision to accept Department representation by the employee. *See* 28 C.F.R. § 50.15(a)(1)–(12).

7. The process for reviewing Mr. Johnson's request for representation is underway but likely will not be concluded by June 16, 2025, when Mr. Johnson's responsive pleading is due. Additional "[t]ime is needed for the United States to determine whether to provide representation to the defendant officer or employee." Fed. R. Civ. P. 12 advisory committee's note to 2000 amendment.

8. The Department anticipates that a 60-day extension will provide sufficient time to obtain a determination regarding Department representation and for Mr. Johnson to prepare an appropriate response to the complaint.

Accordingly, the Department respectfully requests that the Court grant Mr. Johnson a 60-day extension, to August 15, 2025, to respond to Plaintiff's complaint.

Dated: June 10, 2025

                                            JENNIFER KLEMETSRUD PUHL
                                            Acting United States Attorney

                        By:    /s/ Tara Vavrosky Iversen
                               TARA VAVROSKY IVERSEN
                               Assistant United States Attorney
                               MN Bar ID 0387790
                               655 First Avenue North, Suite 250
                               Fargo, ND 58102-4932
                               (701) 297-7400
                               tara.iversen@usdoj.gov
                               Attorney for United States of America