IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Kathleen Ronning-Schimetz, | ) | Case No. 1:25-cv-00023 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CLARK V. JOHNSON'S ANSWER** |
| | ) | **TO PLAINTIFF'S COMPLAINT** |
| North Dakota Office of the Adjutant General; Clark V. Johnson, in his individual capacity; and Stephen P. Herda, in his individual capacity, | ) ) ) ) ) | |
| Defendants. | ) | |

¶1    Defendant Clark V. Johnson ("Defendant Johnson"), by and through his counsel, for his Answer to Plaintiff's Complaint, states and alleges as follows:

¶2    Defendant Johnson denies each and every allegation in the Complaint, except as hereinafter admitted, explained, or qualified.

## INTRODUCTION

¶3    With respect to the paragraphs labeled "Introduction," these paragraphs consist of a summary of Plaintiff's allegations, and do not require a response. To the extent a response is required, Defendant Johnson denies the allegations in this section.

## PARTIES AND JURISDICTION/VENUE

¶4    Defendant Johnson admits Plaintiff is "an individual." Defendant Johnson is without sufficient knowledge or information to admit or deny the remaining allegations in Plaintiff's paragraph 1, and therefore denies the same.

¶5    Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in Plaintiff's paragraph 2, and therefore denies the same.

¶6   With respect to the allegations stated in Plaintiff's paragraph 3, Defendant Johnson admits he is a current and past employee of OTAG and is a federal employee for the Department of the Army – National Guard working for OTAG .

¶7   Defendant Jonson admits that Defendant Herda is an individual who is a current or former OTAG employee. Defendant Johnson is without sufficient knowledge or information to admit or deny the remaining allegations in Plaintiff's paragraph 4, and therefore denies the same.

¶8   Defendant Johnson admits Plaintiff was an OTAG employee. The remainder of the allegations in Plaintiff's paragraph 5 set forth legal conclusions, to which no response is required.

¶9   With respect to the allegations contained in Plaintiff's paragraph 6, Defendant Johnson admits that at all relevant times he was acting within the scope of his employment and as to the remaining allegations he is without sufficient knowledge or information to admit or deny and puts Plaintiff to her proof.

¶10   The allegations in Plaintiff's paragraphs 7 through 10 set forth legal conclusions, to which no response is required.  To the extent a response is required, Defendant Johnson puts Plaintiff to her proof.

## FACTUAL ALLEGATIONS

¶11   Defendant Johnson admits Plaintiff began working for OTAG on or around March 2016, as a GIS Specialist III which was a civilian position of the State of North Dakota. Defendant Johnson is without sufficient knowledge or information to admit or deny the remaining allegations in Plaintiff's paragraph 11, and therefore denies the same.

¶12   Defendant Johnson admits the allegations in Plaintiff's paragraph 12.

¶13   With respect to the allegations in Plaintiff's paragraph 13, Defendant Johnson admits Defendant Herda was employed by OTAG as Environmental Program Manager at some time in 2016 through the relevant dates in Plaintiff's Complaint.

¶14   Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in Plaintiff's paragraph 14, and therefore denies the same.

¶15   Defendant Johnson admits the allegations in Plaintiff's paragraph 15.

¶16   Defendant Johnson denies the allegations in Plaintiff's paragraph 16.

¶17   Defendant Johnson admits the allegations in Plaintiff's paragraph 17.

¶18   Defendant Johnson admits the ENV Director had presence in the basement of Building 30. Defendant Johnson is without sufficient knowledge or information to admit or deny the remaining allegations in Plaintiff's paragraph 18, and therefore denies the same.

¶19   Defendant Johnson, as to Plaintiff's paragraph 19, admits that at the start of Plaintiff's employment, Plaintiff was one of four women working in the basement of Building 30 and qualifies that in June 2021, the only other woman who worked in the basement of Building 30 worked remotely and was only occasionally in the office. Defendant Johnson qualifies that Plaintiff moved upstairs in or around February of 2022.

¶20   Defendant Johnson admits the allegation in Plaintiff's paragraph 20.

¶21   To the extent Plaintiff's paragraphs 21 through 29 set forth legal conclusions, no response is required, and to the extent Plaintiff's paragraphs 21 through 29 are directed to another party, then no response is required. If a response is required, Defendant Johnson denies the allegations stated in paragraphs 21 through 29.

¶22   Regarding Plaintiff's paragraph 30, Defendant Johnson qualifiedly admits only that Mr. Herda reported to Defendant Johnson on an occasion that Herda had a disagreement with

Plaintiff regarding work-related issues. Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations that one interaction left Plaintiff particularly distraught and therefore denies the same. Defendant Johnson denies any remaining allegations in paragraph 30.

¶23 To the extent Plaintiff's paragraphs 31 through 38 set forth legal conclusions, no response is required, and to the extent Plaintiff's paragraphs 31 through 38 are directed to another party, then no response is required. If a response is required, Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in Plaintiff's paragraphs 31 through 38, and therefore denies. Regarding the sole allegation involving Defendant Johnson in paragraph 32, he denies.

¶24 To the extent Plaintiff's paragraph 39 sets forth a legal conclusion, no response is required, and to the extent Plaintiff's paragraph 39 is directed to another party, no response is required. If a response is required, Defendant Johnson qualifiedly admits only that he was aware political conversations or commentary occurred occasionally among staff and denies the remaining allegations in Plaintiff's paragraph 39.

¶25 To the extent Plaintiff's paragraphs 40 and 41 are directed to another party, no response is required. If a response is required, Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in Plaintiff's paragraphs 40 and 41, and therefore denies the same.

¶26 To the extent the allegations in Plaintiff's paragraph 42 are directed to Defendant Johnson, he denies. To the extent paragraph 42's allegations are directed toward another party, Defendant Johnson is not required to respond, but in the event a response is required, Defendant

Johnson is without sufficient knowledge or information to admit or deny the allegations as they relate to the other defendants, and therefore denies the same.

¶27  To the extent Plaintiff's paragraphs 43 and 44 set forth legal conclusions, no response is required, and to the extent Plaintiff's paragraphs 43 and 44 are directed to another party, no response is required. If a response is required, Defendant Johnson denies retaliating against Plaintiff. Defendant Johnson is otherwise without sufficient knowledge or information to admit or deny the allegations in Plaintiff's paragraphs 43 and 44, and therefore denies the same.

¶28  Defendant Johnson, as to Plaintiff's paragraph 45, qualifiedly admits only that Plaintiff discussed concerns with him about certain political conversations or commentary that had occurred among staff, but denies the remaining allegations of paragraph 45 directed at him. To the extent Plaintiff's paragraph 45 is directed to another party, no response is required, but if a response is necessary, Defendant Johnson is without sufficient knowledge or information to admit or deny the remaining allegations in Plaintiff's paragraphs 45, and therefore denies the same.

¶29  To the extent Plaintiff's paragraphs 46 through 50 are directed to another party, no response is required, but if a response is necessary, Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in Plaintiff's paragraphs 46 through 50, and therefore denies the same.

¶30  Defendant Johnson, as to Plaintiff's paragraph 51, qualifiedly admits he was personally aware of Plaintiff's political opinions related to the President. Defendant Johnson is without sufficient knowledge or information to admit or deny the remaining allegations in Plaintiff's paragraph 51, and therefore denies the same.

¶31     To the extent Plaintiff's paragraph 52 is directed to another party, no response is required, but if a response is necessary, Defendant Johnson, as to Plaintiff's paragraph 52, denies the allegations.

¶32     To the extent Plaintiff's paragraph 53 is directed to another party, no response is required. Defendant Johnson qualifiedly admits only that Plaintiff raised concerns on a couple of occasions of not being included in certain meetings or events. Defendant Johnson is otherwise without sufficient knowledge or information to admit or deny the allegations in Plaintiff's paragraph 53, and therefore denies the same.

¶33     Defendant Johnson, as to Plaintiff's paragraph 54, asserts that the news reports and captured recordings speak for themselves.

¶34     To the extent Plaintiff's paragraphs 55 through 68 are directed to another party or set forth legal conclusions, no response is required. If a response is required, Defendant Johnson, as to Plaintiff's paragraphs 55 through 68, is without sufficient knowledge or information to admit or deny the allegations, and therefore denies the same.

¶35     Defendant Johnson, as to Plaintiff's paragraph 69, qualifiedly admits that an employee named Nancy Sanford made complaints, and asserts that the contents of the complaints speak for themselves. Defendant Johnson denies the remaining allegations stated in paragraph 69.

¶36     To the extent Plaintiff's paragraphs 70 through 74 are directed to another party or set forth legal conclusions, no response is required. To the extent Defendant Johnson is included as an "other" in paragraph 72, and to the extent Defendant Johnson is alleged to have engaged in misconduct in paragraph 74, he denies. If a response is otherwise required, Defendant Johnson, as to Plaintiff's paragraphs 70 through 74, is without sufficient knowledge or information to admit or deny the allegations, and therefore denies the same.

¶37    Defendant Johnson, as to Plaintiff's paragraph 75, is without sufficient knowledge or information to admit or deny the allegations, and therefore denies the same.

¶38    Defendant Johnson denies the allegations in Plaintiff's paragraph 76.

¶39    Defendant Johnson, as to Plaintiff's paragraph 77, qualifiedly admits only that there were approximately two instances of inappropriate language or jokes in 2016 or 2017 he was made aware of, though he does not recall specific dates. Defendant Johnson asserts he acted on the reports. Defendant Johnson further qualifiedly admits only that Plaintiff discussed concerns with him about certain political conversations or commentary that had occurred among staff years later, in late 2019 or early 2020. To the extent the allegations in paragraph 77 are directed at another defendant, no response is required, but if a response is necessary, Defendant Johnson lacks sufficient knowledge or information to admit or deny, and therefore denies.

¶40    Defendant Johnson, as to Plaintiff's paragraph 78, qualifiedly admits only that there were approximately two instances of inappropriate language or jokes in 2016 or 2017 he was made aware of, though he does not recall specific dates. Defendant Johnson asserts he acted on the reports. Defendant Johnson further qualifiedly admits only that Plaintiff discussed concerns with him about certain political conversations or commentary that had occurred among staff years later, in 2019 or 2020. Defendant Johnson otherwise denies the allegations in paragraph 78.

¶41    To the extent Plaintiff's paragraphs 79 through 84 are directed to another party or set forth legal conclusions, no response is required. If a response is required, Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in paragraphs 79 through 84, and therefore denies the same.

¶42    Defendant Johnson, as to Plaintiff's paragraph 85, asserts that OTAG's then-current policies speak for themselves.

¶43   Defendant Johnson, as to Plaintiff's paragraph 86, lacks sufficient knowledge or information to admit or deny what Plaintiff "was afraid of" and therefore denies the same. To the extent paragraph 86 is directed at another defendant or sets forth a legal conclusion, no response is required. Defendant Johnson denies retaliating against the Prior Complainant.

¶44   To the extent Plaintiff's paragraph 87 is directed to another party, no response is required. If a response is required, Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in paragraph 87, and therefore denies the same.

¶45   To the extent Plaintiff's paragraph 88 sets forth a legal conclusion, no response is required. Defendant Johnson otherwise denies the allegations in paragraph 88.

¶46   Defendant Johnson denies the allegations in Plaintiff's paragraph 89.

¶47   To the extent Plaintiff's paragraphs 90 and 91 are directed to another party, no response is required. If a response is required, Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in paragraphs 90 and 91, and therefore denies the same.

¶48   Defendant Johnson, as to Plaintiff's paragraph 92, asserts that Plaintiff's 2020 performance evaluation speaks for itself and denies the remaining allegations.

¶49   To the extent Plaintiff's paragraphs 93 and 94 sets forth legal conclusions, no response is required. Defendant Johnson otherwise denies the allegations in paragraphs 93 and 94.

¶50   To the extent Plaintiff's paragraphs 95 through 103 are directed to another party, no response is required. If a response is required, Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in paragraphs 95 through 103, and therefore denies the same. If Defendant Johnson is an "other" as referenced in paragraph 103, Defendant Johnson denies the allegation.

¶51     Defendant Johnson qualifiedly admits, as to Plaintiff's paragraph 104, only that Plaintiff raised concerns on a couple of occasions about not being included in certain meetings or events. Defendant Johnson is without sufficient information or knowledge to recall the date and therefore denies the same.

¶52     To the extent Plaintiff's paragraphs 105 through 107 are directed to another party, no response is required. If a response is required, Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in paragraphs 105 through 107, and therefore denies the same.

¶53     To the extent Plaintiff's paragraph 108 sets forth legal conclusions, no response is required. Defendant Johnson qualifiedly admits, as to paragraph 108, that Plaintiff requested in late 2021 to move upstairs and Plaintiff was relocated upstairs in February 2022. To the extent any further response is required, Defendant Johnson denies the allegations.

¶54     Defendant Johnson, as to Plaintiff's paragraph 109, qualifiedly admits that Plaintiff requested in late 2021 to move upstairs to an unoccupied office space and Plaintiff was relocated upstairs to the unoccupied office space in February 2022. Defendant Johnson denies the remaining allegations in Paragraph 109.

¶55     To the extent Plaintiff's paragraphs 110 and 111 are directed to another party, no response is required. If a response is required, Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in paragraphs 110 and 111, and therefore denies the same.

¶56     Defendant Johnson, as to Plaintiff's paragraph 112, qualifiedly admits that Wolf held a meeting about the workplace environment. Defendant Johnson denies any remaining allegations in paragraph 112.

¶57     To the extent Plaintiff's paragraph 113 is directed to another party, no response is required. If a response is required, Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in paragraph 113, and therefore denies the same.

¶58     To the extent Plaintiff's paragraph 114 is directed to another party or sets forth a legal conclusion, no response is required. Defendant Johnson otherwise qualifiedly admits only that Plaintiff raised concerns on a couple of occasions about not being included in certain meetings or events, Plaintiff later discussed concerns with him about certain political conversations or commentary that had occurred among staff, and that he received an email from Plaintiff in or around October 2022 which speaks for itself. Any remaining allegations in Plaintiff's paragraph 114 are denied.

¶59     Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in paragraph 115, and therefore denies the same..

¶60     Defendant Johnson denies the allegations in paragraph 116, and affirmatively asserts that Plaintiff had sent him a text message regarding Plaintiff having met with Wolf who was able to address her issues. The text message speaks for itself.

¶61     To the extent Plaintiff's paragraph 117 is directed to another party, no response is required. If a response is required, Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in paragraph 117, and therefore denies the same.

¶62     Defendant Johnson denies the allegations in Plaintiff's paragraph 118.

¶63     Defendant Johnson, as to Plaintiff's paragraph 119, admits Plaintiff resigned in or around January 2023. Defendant Johnson denies the remaining allegations in paragraph 119.

¶64     To the extent Plaintiff's paragraph 120 sets forth a legal conclusion, no response is required. Defendant Johnson otherwise asserts that Plaintiff's letter speaks for itself. Any remaining allegations in paragraph 120 are denied.

¶65     To the extent Plaintiff's paragraphs 121 through 125 are directed to another party or set forth legal conclusions, no response is required. If a response is required, Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in paragraphs 121 through 125, and therefore denies the same.

¶66     Defendant Johnson, as to Plaintiff's paragraph 126, admits I/O Demoe interviewed Defendant Johnson in late January 2023. Defendant Johnson is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 126, and therefore denies the same.

¶67     Defendant Johnson, as to Plaintiff's paragraphs 127 through 133, asserts that the contents of I/O Demoe's Memorandum speak for themselves and denies the allegations to the extent they contradict the Memorandum. Defendant Johnson affirmatively asserts that, if Demoe's Memorandum found Defendant Johnson responsible for misconduct, failure to act, or any other inappropriate behavior, the memorandum is inaccurate and unsupported by fact.

¶68     Defendant Johnson, as to Plaintiff's paragraphs 134 and 135, asserts that the EEOC documents speak for themselves.

¶69     Defendant Johnson, as to Plaintiff's paragraph 136, admits he was interviewed in December 2023. Defendant Johnson otherwise lacks sufficient knowledge or information to admit or deny the allegations, and therefore denies the same, or asserts that the interview documentation speaks for itself.

¶70   Defendant Johnson is without sufficient knowledge or information to admit or deny the allegations in Plaintiff's paragraphs 137 through 140, and therefore denies the same, or asserts that any documentation regarding the same speaks for itself.

## COUNT I

**Hostile Work Environment Sex Discrimination in Violation of**
**Title VII of the Civil Rights Act**
**42 U.S.C. § 2000e, *et seq*.**
*Defendant OTAG*

¶71   With respect to the allegations of Plaintiff's paragraph 141, Defendant Johnson re-alleges and incorporates by reference his responses to Plaintiff's paragraphs 1 through 140.

¶72   Plaintiff's paragraphs 142 through 146 are directed at another party and/or set forth legal conclusions, and thus no response is required. To the extent a response is required, Defendant Johnson denies the allegations.

## COUNT II

**Retaliation in Violation of Title VII**
**42 U.S.C. § 2000e, *et seq*.**
*Defendant OTAG*

¶73   With respect to the allegations of Plaintiff's paragraph 147, Defendant Johnson re-alleges and incorporates by reference his responses to Plaintiff's paragraphs 1 through 146.

¶74   Plaintiff's paragraphs 148 through 152 are directed at another party and/or set forth legal conclusions, and thus no response is required. To the extent a response is required, Defendant Johnson denies the allegations.

## COUNT III

### Retaliation in Violation of the U.S. Constitution
### 42 U.S.C. § 1983
*Defendants Mr. Johnson and Mr. Herda*

¶75   With respect to the allegations of Plaintiff's paragraph 153, Defendant Johnson re-alleges and incorporates by reference his responses to Plaintiff's paragraphs 1 through 152.

¶76   Plaintiff's paragraphs 154 and 155 set forth legal conclusions, and thus no response is required. To the extent paragraphs 154 and 155 are directed at another party, no response is required.

¶77   To the extent Plaintiff's paragraphs 156 through 162 are directed at another party or set forth legal conclusions, no response is required. To the extent it may be alleged by Plaintiff's language that Defendant Johnson was acting within the scope of his employment, Defendant Johnson admits. Defendant Johnson otherwise denies the remaining allegations in paragraphs 156 through 162.

## COUNT IV

### Sex Discrimination in Violation of the U.S. Constitution
### 42 U.S.C. § 1983
*Defendants Mr. Johnson and Mr. Herda*

¶78   With respect to the allegations of Plaintiff's paragraph 163, Defendant Johnson re-alleges and incorporates by reference his responses to Plaintiff's paragraphs 1 through 162.

¶79   Plaintiff's paragraphs 164 and 165 set forth legal conclusions, and thus no response is required. To the extent paragraphs 164 and 165 are directed at another party, no response is required.

¶80   Defendant Johnson admits the allegations of Plaintiff's paragraph 166.

¶81   To the extent Plaintiff's paragraphs 167 through 172 are directed at another party or set forth legal conclusions, no response is required. To the extent it may be alleged by Plaintiff's language that Defendant Johnson was acting within the scope of his employment, Defendant Johnson admits. Defendant Johnson otherwise denies the remaining allegations in paragraphs 167 through 172.

## PRAYER FOR RELIEF

¶82   Defendant Johnson denies that Plaintiff is entitled to the requested relief, and affirmatively denies Plaintiff is entitled to any relief, including but not limited to back pay, front pay, compensatory damages, emotional distress, physical manifestations of emotional distress, humiliation, mental anguish, inconvenience, civil penalties, interest, punitive damages, attorneys' fees and costs, and any other relief available by statute.

## AFFIRMATIVE DEFENSES

¶83   Plaintiff's Complaint fails to state a claim against Defendant Johnson upon which relief may be granted.

¶84   Plaintiff failed to set forth a prima facie case of retaliation as to Defendant Johnson.

¶85   Plaintiff failed to set forth a prima facie case of sex discrimination as to Defendant Johnson.

¶86   Plaintiff's claims against Defendant Johnson are barred by the doctrines of qualified, statutory, or official immunity.

¶87   Plaintiff's claims against Defendant Johnson are barred by Eleventh Amendment immunity.

¶88   Plaintiff's claims are barred because all of Defendant Johnson's actions with respect to Plaintiff were done in good faith and within the scope of his employment.

¶89     Plaintiff did not make reports to Defendant Johnson alleging discrimination, harassment, hostile environment, or retaliation.

¶90     Plaintiff's claims are barred because Defendant Johnson exercised reasonable care to correct promptly or report to a higher authority the alleged workplace behavior Plaintiff did report to Johnson.

¶91     If Plaintiff was damaged as alleged, the damages to Plaintiff were caused or contributed to by acts of those other than Defendant Johnson.

¶92     Some or all of Plaintiff's claims against Defendant Johnson are barred by the applicable statutes of limitations, waiver, estoppel, the doctrine of laches, and/or failure to timely file a claim.

¶93     Plaintiff did not suffer or incur injuries or damages to the extent alleged, if at all.

¶94     Plaintiff failed to mitigate her alleged damages.

¶95     Plaintiff's damages, if any, were caused by her own actions and omissions.

¶96     Plaintiff's claims are barred because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by OTAG or through OTAG's policies and complaint procedures, or to avoid harm otherwise.

¶97     Plaintiff failed to meet all substantive and procedural prerequisites to bring this action.

¶98     Plaintiff did not suffer a tangible employment action due to having voluntarily resigned from employment.

¶99     Plaintiff's claims are barred by the public duty doctrine.

¶100    Defendant Johnson did not actually or proximately cause Plaintiff's alleged injuries.

¶101   Defendant Johnson did not violate Plaintiff's constitutional rights.

¶102   Plaintiff failed to exhaust her administrative remedies.

¶103   Defendant Johnson exercised reasonable diligence in reporting to his supervisor.

¶104   Defendant Johnson incorporates by reference all of the affirmative defenses set forth in Fed. R. Civ. P. 8(c) as if fully set forth herein and preserves his right to further plead defenses and immunities as allowed and available under the law, including those set forth in Rules 8, 9, and 12 of the Federal Rules of Civil Procedure.

¶105   WHEREAS, Defendant Johnson requests an Order and Judgment providing:

1. That Plaintiff's Complaint be dismissed with prejudice and that Judgement be entered for Johnson, including an award of costs, disbursements, and attorneys' fees; and

2. Any other and further relief deemed just and equitable.

## JURY DEMAND

**Defendant Johnson demands a trial by a jury of nine or the highest number of jurors authorized by law.**

Dated August 15, 2025.

PEARCE DURICK PLLC

   /s/ Zachary E. Pelham
ZACHARY E. PELHAM, ND#05904
zep@pearce-durick.com
MEREDITH L. VUKELIC, ND#06544
mlv@pearce-durick.com
314 East Thayer Avenue
P.O. Box 400
Bismarck, ND  58502-0400
(701) 223-2890
*Attorneys for Clark V. Johnson*