UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Kathleen Ronning-Schimetz,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>North Dakota Office of the Adjutant General, Clark V. Johnson, in his individual capacity, and Stephen P. Herda, in his individual capacity,<br><br>　　　　　　　　　　Defendants. | **STIPULATION FOR PROTECTIVE ORDER**<br><br>Case No. 1:25-cv-00023 |

The parties stipulate that the court may enter the following protective order:

1. **Definitions.** As used in this protective order:

    (a) "attorney" means an attorney who has appeared in this action;

    (b) "confidential document" means a document that is confidential or exempt from public disclosure under state or federal law and designated as confidential under this protective order;

    (c) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d) "document" means all materials within the scope of Fed. R. Civ. P. 34;

    (e) "notice" or "notify" means written notice;

    (f) "party" means a party to this action; and

    (g) "protected document" means a document protected by a privilege or the work-product doctrine.

2. **Designating a Document or Deposition as Confidential.**

    (a) A party or non-party disclosing or producing a document may designate it as "confidential" if the party or non-party in good faith contends that it contains

1

confidential or proprietary information. Information that may be designated "confidential" shall include, but not be limited to:

 (1) personnel information relating to current or former employees of Defendant that is of a personal and confidential nature including physical and electronic mail addresses, telephone numbers, social security numbers, health benefits and insurance elections and dependents, non-parties' compensation amounts, and corrective and disciplinary counseling issued to nonparties; complaints and/or investigations conducted under Defendant's policies; and performance documentation of nonparties;

 (2) information reflecting a person's financial status, including but not limited to any of Defendants' employees, such as bank records, tax documents, or information reflecting an individual's compensation, salary history, or employee benefits; and

 (3) technology, operational and/or proprietary information relating to Defendants' operations that is not publicly available or known.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

 (1) on the record at the deposition; or

 (2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) Unless otherwise agreed, the deposition transcript shall be treated as "confidential" during the 30-day period following receipt of the transcript.

(e) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

3. **Who May Receive a Confidential Document.**

    (a)    A confidential document may be used only in this action.

    (b)    No person receiving a confidential document may reveal it, except to:

        (1)    the court and its staff;

        (2)    an attorney or an attorney's partner, associate, or staff;

        (3)    a person shown on the face of the confidential document to have authored or received it;

        (4)    a court reporter or videographer retained in connection with this action;

        (5)    a party (subject to paragraph 3(c)); and

        (6)    any person who:

            (A)    is retained to assist a party or attorney with this action; and

            (B)    signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Kathleen Ronning-Schimetz v. North Dakota Office of the Adjutant General; Clark V. Johnson,* in his individual capacity; *and Stephen P. Herda,* in his individual capacity in the United States District Court for the District of North Dakota. I agree I am barred by the terms of the Protective Order from divulging any designated Confidential Information, as the term is defined in the Order, which I am provided, or the content thereof, to any other person except as specifically provided in the Order. I further agree that the material shall be used by me solely in connection with the proceedings in the above-entitled action and for no other purpose. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I agree that I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
>
> I declare under penalty of perjury that the foregoing is true and correct.

    (c)    If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it and provide notice as set forth in paragraph 9.

4. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.1. All documents produced by such non-parties shall be treated as "confidential" for a period of 30 days from the date of their production, and during that period any party may designate such documents as "confidential" pursuant to the terms of the Protective Order.

5. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 14 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6. **Use of a Confidential Document in Court.**

    (a) Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with Local Rule 5.1.

    (b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7. **Changing a Confidential Document's Designation.**

    (a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c) Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation.

4

If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non- party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8. **Handling a Confidential Document after Termination of Litigation.**

    (a) Within 60 days after the termination of this action (including any appeals), each party must:

    (1) return or destroy all confidential documents, except as may otherwise by required by paragraph 13; and

    (2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

    (b) Notwithstanding paragraph 8(a), each attorney shall be entitled to retain a set of all documents generated in connection with this action, including confidential documents, to ensure the ability to defend against any claims arising out of the prosecution or defense of this action, and to abide by the terms of attorneys' insurance coverage related thereto.

9. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a) Notice.

    (1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived, including without limitation the attorney-client privilege and the work-product doctrine.

    (2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

    (b)    Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B), including but not limited to, refraining from reading the protected document(s), returning, sequestering or destroying all copies and derivative material of such protected document(s) (including extracting the protected document(s) from databases where possible); and taking reasonable steps to retrieve the information if disclosed to third part(ies).

    (c)    If the claim of privilege or work-product protection is disputed, the receiving party agrees to refrain from further examination or use of the potentially privileged or work-product protected information until the dispute is resolved. The parties shall use reasonable efforts to resolve the dispute in good faith without judicial intervention. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or ESI (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or otherwise protected information before production.

**10. Security Precautions and Data Breaches.**

    (a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11. Miscellaneous.**

    (a)    No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

    (b)    Nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions regarding confidentiality as it may deem appropriate.

(c) Nothing in this Order shall prevent any party from using or disclosing its/his own documents or information, regardless of whether they are designated confidential.

(d) Any written notifications made by a producing party to a party pursuant to this Order shall be directed to counsel of record for the receiving party.

12. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

13. **North Dakota Open Records Obligations.** This Protective Order and any stipulation thereto does not usurp North Dakota Open Records laws. To the extent there is a conflict between this stipulation and the obligations of any written assurance executed pursuant to this stipulation and the North Dakota law as it pertains to public records, North Dakota law controls.

14. **Written Notice.** Any written notifications made by a Producing Party to a party pursuant to this Order shall be directed to counsel of record for the Receiving Party.

Stipulated to:

Dated this 3rd day of October, 2025.

NICHOLS KASTER, PLLP

By: /s/ Steven Andrew Smith
Steven Andrew Smith
MN Bar ID No. 260836
80 South Eighth Street, Suite 4700
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 338-4878
Email smith@nka.com

By: /s/ Riley Palmer
Riley Palmer
MN Bar ID No. 504224
80 South Eighth Street, Suite 4700
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 338-4878
Email rpalmer@nka.com

Attorneys for Plaintiff.

Dated this 3rd day of October, 2025.

                PEARCE DURICK PLLC

By:   /s/ Zachary E. Pelham
       Zachary E. Pelham
       State Bar ID No. 05904
       314 East Thayer Ave.
       Bismarck, ND 58501
       Telephone: (701) 223-2890
       Email zep@pearce-durick.com

Attorney for Defendant Clark V. Johnson.

Dated this 3rd day of October, 2025.

State of North Dakota
Drew H. Wrigley
Attorney General

By:   /s/ Courtney R. Titus
       Assistant Attorney General
       State Bar ID No. 08810
       Office of Attorney General
       500 North 9th Street
       Bismarck, ND 58501-4509
       Telephone (701) 328-3640
       Email ctitus@nd.gov

By:   /s/ Austin H. Artz
       Austin H. Artz
       Assistant Attorney General
       State Bar ID No. 09708
       Office of Attorney General
       500 North 9th Street
       Bismarck, ND 58501-4509
       Telephone (701) 328-3640
       Email aartz@nd.gov

Attorneys for Defendants North Dakota Office of the Adjutant General and Stephen Herda.

The court **ADOPTS** the parties' stipulation.

**IT IS SO ORDERED.**

Dated this 6th day of October 6, 2025.

                */s/ Clare R. Hochhalter*
                Clare R. Hochhalter, Magistrate Judge
                United States District Court