EXHIBIT
F

who must maintain military membership. Subject to this objection and interpretation, Herda answers as follows:

**ANSWER:**

| | | |
|---|---|---|
| A. | Position: | Environmental Program Manager |
| | Dates of employment: | March 1, 2016 – May 30, 2016 |
| | Supervisor: | Scott Boestflug |
| | Employing agency: | Federal employee at OTAG |
| | Status: | Hybrid |
| | Reason for leaving: | Retired from military service |

.

| | | |
|---|---|---|
| B. | Position: | Environmental Program Manager |
| | Dates of employment: | June, 2016 – March, 2022 |
| | Supervisor: | Clark Johnson |
| | Employing agency: | State employee at OTAG |
| | Status: | Civilian |
| | Reason for leaving: | Demotion as a result of disciplinary process |

| | | |
|---|---|---|
| C. | Position: | Environmental Program Specialist |
| | Dates of Employment: | March 28, 2022 – November 2, 2025 |
| | Supervisor: | Keneth Wangler and McKenzie Richard |
| | Employing agency: | State employee at OTAG |
| | Status: | Civilian |
| | Reason for leaving: | Retired |

**INTERROGATORY NO. 3:** DESCRIBE YOUR supervisory responsibility over PLAINTIFF at any and all times from March 1, 2016 to trial.

**RESPONSE TO INTERROGATORY NO. 3:**

**ANSWER:** None.

**INTERROGATORY NO. 4:** IDENTIFY the sources of responsive information in YOUR possession, custody, control, including, but not limited to, both ESI and physical documents. For each source of information, IDENTIFY the PERSON(S) who have possession custody, or control

of the source; IDENTIFY the source with sufficient detail for it to be requested in a subpoenas duces tecum; IDENTIFY whether YOU intend to search the source for responsive information, and, if not, explain why not.

**RESPONSE TO INTERROGATORY NO. 4:**

**ANSWER:** Herda has several sources of potentially responsive information in his possession, custody, or control. Herda intends to search (or has already searched) all these sources for responsive information.

A. **Physical Documents Related to Employment at OTAG.**

At his home, Herda has physical documents related to his employment at OTAG. These include documents related to work travel, training documents, military paperwork, emergency response information, a physical copy of transportation regulations, and a folder of information that relates to this litigation and the related disciplinary action.

B. **Items Displayed in Office During Employment at OTAG**.

Herda has pictures, posters, and newspaper clippings which were displayed in his office during his time at OTAG.

C. **Digital Documents Related to Employment at OTAG**

On his home desktop computer, Herda has digital copies of documents related to his employment at OTAG.

D. **Sources of ESI:**

Please see response to Interrogatory No. 6, below.

**INTERROGATORY NO. 5:** If YOU claim as part of this action that PLAINTIFF made any admission(s), IDENTIFY the contents of each such alleged admission(s), the witnesses to each such alleged admission(s), and the DOCUMENTS which RELATE TO each alleged admission(s).

**RESPONSE TO INTERROGATORY NO. 5:**

**OBJECTION:** Herda objects that the term "admission" is vague and ambiguous, making a complete response impossible at this time. Herda reserves the right to amend this answer after meeting and conferring regarding the meaning of the term "admissions." Subject to and without waiving this objection, see below.

**ANSWER:** In addition to the admissions set forth in Clark V. Johnson's Responses to Plaintiff's Interrogatories to Defendant Clark V. Johnson to Interrogatory No. 6, which Herda incorporates here by reference, Plaintiff also admits in her document entitled "Walk Down Memory Lane" that she was an active participant in workplace political discussions and affirmatively initiated contact with Herda over the years. These affirmative communications are also apparent from the text messages and emails produced in Herda's Answers to Plaintiff's Requests for Production.

**INTERROGATORY NO. 6:** IDENTIFY all sources of electronically stored information (ESI) that might contain relevant information, including, but not limited to: email accounts, cell phones, and other electronic devices (e.g., computers, laptops, tablets, hard drives, flash drives, or clouds).

**RESPONSE TO INTERROGATORY NO. 6**

**OBJECTION:** Herda objects to the extent that this interrogatory calls for Herda to identify sources of ESI held by other parties or persons. Interpreting this interrogatory as requesting the identification of sources of ESI solely within Herda's possession, custody, or control, see below.

**ANSWER:**

Herda lists below the sources of electronically stored information within his possession, custody, and control which might contain relevant information. Herda has already searched or intends to search all these sources for responsive information.

**Personal cell phone**: Herda has a Samsung S24 Android cell phone which he has possessed for approximately two years. Text messages accessible on this phone date back until approximately December 2019.

**Email accounts**: Herda has one Yahoo account, majavman81@yahoo.com, which might have relevant information.

**Facebook**: Herda has a Facebook account which includes Facebook Messenger access which might have relevant information.

**Personal electronic devices**: Herda has a home desktop computer, referenced in response to Interrogatory No. 4, which might have relevant information.

**INTERROGATORY NO. 7:** For each separate Defense set forth in YOUR Answer, listed on pages 10-11, IDENTIFY the factual basis for YOUR Defense, including, but not limited to, IDENTIFYING the documents and/or witness(es) that may support such Defense.

**RESPONSE TO INTERROGATORY NO. 7:**

**OBJECTION:** Herda objects to this interrogatory as a premature contention interrogatory which is overly broad and unduly burdensome at this early stage of the case. Herda further objects to this interrogatory to the extent it calls for information protected by the attorney work product doctrine and/or attorney client privilege, including counsel's mental impressions, legal theories, and trial strategies.

**INTERROGATORY NO. 8:** IDENTIFY all witnesses, including expert witnesses, whom YOU expect to call as an expert at trial and the subject matter on which the witness is expected to testify.

**RESPONSE TO INTERROGATORY NO. 8:**

**OBJECTION:** Herda objects that this question improperly calls for opinion work product in that no final witness decisions have been made. Any expectations of witness identity at this